

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

MAR 20 2025

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
)  Case No. 2:25-MJ- 42   SEALED
THE PREMISES LOCATED AT 2042 HIGHWAY 11E, )
JONESBOROUGH, TN 37659 )
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

The premises located at 2042 Highway 11E, Jonesborough, TN, as more fully described in Attachment A, which is incorporated by reference.

located in the _____ Eastern _____ District of _____ Tennessee _____ , there is now concealed *(identify the person or describe the property to be seized):*

Electronic devices, digital data, and evidence as more fully described in Attachment B, which is incorprorated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252(a)(2) | Receipt or Distribution of Child Sexual Abuse Material |
| 18 U.S.C. 2252(a)(4)(B) | Possession of Child Sexual Abuse Material |

The application is based on these facts:
Please see attached Affidavit of HSI Special Agent Peter Evans which is incorporated by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Peter Evans, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means).*

Date: 3/20/25

_____
*Judge's signature*

City and state:  Greeneville, Tennessee

Cynthia Richardson Wyrick, U.S. Magistrate Judge
*Printed name and title*

FILED

MAR 20 2025

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

IN THE MATTER OF THE SEARCH OF
THE PREMISES LOCATED AT
2042 HIGHWAY 11 E,
JONESBOROUGH, TN 37659

2:25-MJ- 42

JUDGE WYRICK

### AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Peter Evans, a Special Agent with Homeland Security Investigations in Johnson City, Tennessee, being duly sworn, depose and state as follows:

### INTRODUCTION

1.      I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI) and have been so employed since July 2017. I am currently assigned to the HSI Johnson City office where I investigate a wide variety of criminal violations. While employed at HSI I have investigated criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography. I have completed multiple Law Enforcement Training Academies including HSI Special Agent Training and the Criminal Investigator Training Program at the Federal Law Enforcement Training Center. I have been trained as a Computer Forensics Agent and Mobile Device Examiner and have experience with extracting evidence from electronic devices and analyzing digital artifacts to find evidence, including child pornography. I have received training in child pornography and child exploitation investigations and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256). I have participated in numerous investigations into offenses involving child

Page **1** of **13**

pornography and child exploitation. Through my work in these investigations, as well as my discussions with other experienced agents, I have experience in examining evidence and estimating the approximate ages of individuals depicted in photographs and videos. I have a bachelor's degree in Criminal Justice, and I have been a sworn federal law enforcement officer since 2011.

2. This affidavit is made in support of an application for a warrant to search the premises of 2042 Highway 11 E, Jonesborough, TN 37659 (the "SUBJECT PREMISES"), more fully described in Attachment A, and to seize evidence, more fully described in Attachment B, of violations of 18 U.S.C. Section 2252(a)(2) and 18 U.S.C. Section 2252(a)(4)(B). 18 U.S.C. Section 2252(a)(2) makes it a crime for any person to knowingly receive or distribute material that depicts minors engaged in sexually explicit conduct that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer. 18 U.S.C. Section 2252(a)(4)(B) makes it a crime for any person to knowingly possess any material that depicts minors engaged in sexually explicit conduct that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer.

3. The statements in this affidavit are based on my personal observations, training, experience, and information provided by other law enforcement officers. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for this warrant.

## DEFINITIONS

4. The following definitions apply to this Affidavit and its Attachments:

a. Instagram is a social media application that allows you to share images and videos with other users.

b. The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) corporation whose mission is to help find missing children, reduce child sexual exploitation, and prevent child victimization. NCMEC works with families, victims, private industry, law enforcement, and the public to assist with preventing child abductions, recovering missing children, and providing services to deter and combat child sexual exploitation. NCMEC receives cybertips from private companies and individuals and ultimately provides them to law enforcement.

c. The term "child pornography" as used herein, means any visual depiction of sexually explicit conduct involving a minor.

d. The term "minor" is defined at 18 U.S.C. § 2256(1) as any person under the age of eighteen years.

e. The term "sexually explicit conduct" is defined at 18 U.S.C. § 2256(2)(A) as actual or simulated - (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or anal-oral, whether between person of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person.

f. The term "computer" is defined as set forth in 18 U.S.C. § 1030(e)(1).

Page 3 of 13

g. The term "email" (electronic mail) is defined as the text messages sent from one person to another via a computer, which may include images. Email can also be sent automatically to a large number of addresses via a mailing list.

h. The term "Internet" is defined as the worldwide network of computers, a noncommercial, self-governing network devoted mostly to communication and research with millions of users worldwide. The Internet is not an online service and has no real central hub. It is a collection of tens of thousands of computer networks, online services, and single user components. To access the Internet, an individual computer user must use an access provider, such as a university, employer, or commercial Internet Service Provider ("ISP"), which operates a host computer with direct access to the Internet.

i. The term "IP" (Internet Protocol) is defined as the primary protocol upon which the Internet is based. An IP allows a packet of information to travel through multiple networks (groups of linked computers) on the way to its ultimate destination.

j. The term "IP Address" is defined as a unique number assigned to every computer directly connected to the Internet (for example 172.191.142.150). Each computer connected to the Internet is assigned a unique IP address while it is connected. The IP address for a user may be relatively static, meaning it is assigned to the same subscriber for long periods of time, or dynamic, meaning that the IP address is only assigned for the duration of that on-line session.

k. The term "ISP" (Internet Service Provider) is defined as a business that allows a user to dial into or link through its computers thereby allowing the user to connect to the Internet for a fee. ISPs generally provide only an Internet connection, an electronic mail address, and maybe Internet browsing software. A user can also connect to the Internet through a commercial online service such as America Online, Earthlink, or MSN. With this kind of connection, the

user gets Internet access and the proprietary features offered by the online service, such as chat rooms and searchable databases.

l.     The American Registry for Internet Numbers (ARIN) is a nonprofit, member-based organization that administers IP addresses in support of the operation and growth of the Internet. Information related to which ISP manages an IP address is publicly available from multiple websites on the internet.

m.    The term "Open Source" or "Open Source Software" is defined as software that makes available the software's source code.  This enables the software to be viewed and changed by a programmer.

n.     The term "web site" consists of text pages of information and associated graphic images.  The textual information is stored in a specific format known as Hyper-Text Mark-up Language (HTML) and is transmitted from the web servers to various web clients via Hyper-Text Transport Protocol.

o.     The term "computer system and related peripherals, and computer media" as used in this affidavit refers to tapes, cassettes, cartridges, streaming tape, commercial software and hardware, computer disks, disk drives, monitors, computer printers, modems, tape drives, disk application programs, data disks, system disk operating systems, magnetic media floppy disks, hardware and software operating manuals, tape systems and hard drives and other computer-related operation equipment, digital cameras, scanners, in addition to computer photographs, Graphic Interchange formats and/or photographs, and other visual depictions of such Graphic Interchange formats, including, but not limited to, JPG, GIF, TIF, AVI, and MPEG.

## BACKGROUND ON COMPUTERS AND CHILD PORNOGRAPHY

5. Based on my knowledge, training, and experience in child exploitation and child pornography investigations, and the experience and training of other law enforcement officers with whom I have had discussions, computers, computer technology, and the Internet are critical components in the production, distribution, and collection of child pornography.

6. A child pornography image or video taken with a digital camera or cellular phone can be transferred directly to a computer, and then transferred from that computer to any other server or computer connected to the Internet via modem or wireless connection. Many devices not traditionally thought of as computers, such as video game consoles, smartphones, and digital media players, have the ability to store digital data, access the Internet, and send or receive digital data electronically.

7. The large storage capacity of current personal computers and external hard drives make them ideal repositories for child pornography. External hard drives with capacities of one or more terabytes are inexpensive and common. A terabyte is one thousand gigabytes. An inexpensive and portable flash drive can contain several gigabytes of data.

8. Child pornography collectors may use online resources to retrieve and store child pornography, including services offered by Internet Portals such as Yahoo! and Google, among others. The online services allow a user to set up an account with a remote computing service that provides e-mail services as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer with access to the Internet. Evidence of such online storage of child pornography is often found on the user's computer. Even in cases where online storage is used, however, evidence of child pornography can be found on the user's computer in most cases.

Case 2:25-mj-00042-CRW   Document 3   Filed 03/20/25   Page 7 of 19   PageID #: 32

9. Communications made to or from a computer or other digital storage or communications device are often saved or stored on that computer. Storing this information can be intentional, for example, by saving an e-mail as a file on the computer, or by saving the location of one's favorite websites in "bookmarked" files. Digital information can also be retained unintentionally. Traces of the path of an electronic communication may be automatically stored in many places, such as temporary "cache" folders. In addition to electronic communications, a computer user's Internet activities generally leave traces in a computer's web cache and Internet history files. A forensic examiner often can recover evidence that shows whether a computer contains peer-to-peer software, when the computer was sharing files, and the contents of some of the files that were uploaded or downloaded.

10. Computer files or remnants of such files can be recovered years after they were viewed, downloaded, or deleted. Deleted files can often be recovered months or years later using readily available forensic tools. This is because a deleted file does not actually disappear; rather, it remains on the computer's hard drive until it is overwritten by new data. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file. Files that have been viewed via the Internet are automatically downloaded into a temporary Internet directory or "cache." The browser typically maintains a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages. Thus, the ability to retrieve residue of an electronic file from a hard drive depends less on when the file was downloaded or viewed than on a particular user's operating system, storage capacity, and computer habits.

Page 7 of 13

## ABOUT THE SEARCH AND SEIZURE OF COMPUTER SYSTEMS

11.     When searching and seizing evidence from computers, agents commonly download or copy information from the computers and their components or seize most or all computer items (computer hardware, computer software, and computer-related documentation) to be processed later by a qualified computer expert in a laboratory or other controlled environment. The latter approach is more typical for the following two reasons:

a.      The large storage capacity of modern digital storage devices assists in the concealment of criminal evidence, especially when the user camouflages digital files in the way they are named or stored. Sorting criminal evidence from innocuous data may thus take days or weeks, depending upon the volume of data stored, and is generally difficult to accomplish on-site. Also, some information on the computer may only make sense in the context of other information that must be analyzed with it. For example, an apparently meaningless series of letters and numbers may only be recognized as a password when described as such by another document, such as an email.

b.      Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in particular systems and applications, so it is difficult to know before a search which expert should analyze the system and its data. The search of a computer system is an exacting scientific procedure that is designed to protect the integrity of the evidence and to recover even hidden, erased, compressed, password-protected, or encrypted files. Because computer evidence is extremely vulnerable to tampering or destruction (which may be caused by malicious code or normal

Page **8** of **13**

activities of an operating system), the controlled environment of a laboratory is essential to its complete and accurate analysis.

12. To fully retrieve data from a computer system, a computer forensic analyst needs all magnetic storage devices as well as the central processing unit ("CPU"). In cases involving child pornography, where the evidence typically includes graphics files, the user's monitor may be essential for a thorough and efficient search due to software and hardware configuration issues. Other elements of the computer, such as keyboards, mice, cables, and power cords, are necessary in order to ensure that the computer will continue to function in a laboratory environment. In addition, the analyst needs all the system software (operating systems or interfaces, and hardware drivers) and any applications software which may have been used to create the data (whether stored on hard drives or on external media).

13. In case any data on the computer or other devices is encrypted, password-protected, or booby-trapped, a forensic analyst would require any documentation or notes describing password-protection or encryption software used on the computer or listing passwords and usernames.

**FACTS SUPPORTING PROBABLE CAUSE**

14. Washington County Sheriff's Investigator Cody Peters provided me with the following information.

15. On December 26, 2024, Inv. Peters, received a cyber tip from the National Center for Missing and Exploited Children (NCMEC) that originated from Instagram, related to the distribution of child pornography on May 23, 2024, at 22:17:47 UTC and 22:17:48 UTC. Inv. Peters reviewed the two video files in the cyber tip and both videos depicted prepubescent males

Page 9 of 13

performing sexual acts with an unknown female. The IP address associated with the distribution of the child pornography was **2600:1004:b10b:48c2:9848:a044:9f7f:a717**.

16.     On December 23, 2024, before the cyber tip was assigned to Inv. Peters, Verizon provided the following information in response to a subpoena from the Knoxville Police Department, for IP address **2600:1004:b10b:48c2:9848:a044:9f7f:a717** :

   a. **Mobile Telephone Number (MTN):** 423-220-7874 **MTN Effective Date:** 09/16/2016
   b. **Contact Name:** Layton Cavin
   c. **Contact Address:** 2042 Highway 11 E, Jonesborough, TN 37659

17.     On December 30, 2024, Inv. Peters conducted surveillance at 2042 Highway 11 E, Jonesborough, TN 37659 and observed two vehicles, license plate numbers 810-BBNK, TN and 933-BCDX, TN. Record checks revealed that both vehicles were registered to Dale and Deborah Cavin at 2042 Highway 11 E, Jonesborough, TN 37659.

18.     On February 21, 2025, Inv. Peters conducted surveillance at 2042 Highway 11 E, Jonesborough, TN 37659 and observed another vehicle, license plate number 691-BLPL, TN. Record checks revealed that it was also registered to Dale Cavin.

19.     On March 20, 2025, Inv. Peters conducted record checks with the Tennessee Department of Safety which revealed the following information for Layton Cavin's Tennessee ID: Layton Cavin 2042 Highway 11 E, Jonesborough, TN 37659. YOB: 2003, Age: 21.

20.     On March 20, 2025, Inv. Peters conducted record checks in a public records database which revealed the current address for Layton Cavin as 2042 Highway 11 E, Jonesborough, TN 37659.

21.     Based on Layton Cavin's age I believe he is likely the son or relative of Dale and Deborah Cavin.

## CHARACTERISTICS OF CHILD PORNOGRAPHY OFFENDERS

22. Based upon my knowledge, experience, and training in child pornography and online child exploitation investigations, and on the training and experience of other law enforcement officers with whom I have had discussions, I know that there are certain characteristics common to individuals involved in such crimes:

a. People who distribute, transport, receive, or possess child pornography, and/or seek to engage in the online sexual exploitation of children, or who attempt to commit these crimes, may receive sexual gratification, stimulation, and satisfaction from contact with children or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, whether in person, in images or videos, or in writings describing such activity.

b. People who distribute, transport, receive, or possess child pornography, and/or seek to engage in the online sexual exploitation of children, or who attempt to commit these crimes, may collect sexually explicit or suggestive materials in a variety of analog or digital media, including photographs, magazines, videos, books, drawings, videotapes, sometimes on reel-to-reel film, or on computer storage devices. These people use these materials for their own sexual gratification, to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to teach a child how to perform various sexual acts.

c. People who distribute, transport, receive or possess child pornography and/or seek to engage in the online sexual exploitation of children, or who attempt to commit these crimes, often keep copies of child pornography material; that is, their child pornography collections, correspondence, mailing lists, and related books, whether in digital or other forms, in the privacy and security of their home, or at some other secure location. They prize this material and usually keep it for many years.

d. People who distribute, transport, receive, or possess child pornography and/or seek to engage in the online sexual exploitation of children, or who attempt to commit these crimes, may correspond with or meet others interested in child pornography so that they can share information and materials. Oftentimes, this correspondence occurs via the Internet and chat-logs, e-mails and records of the correspondence are stored on the users' computers or digital storage media devices. Child pornography collectors often keep lists of names, usernames, e-mail addresses or other contact information for individuals with whom they have been in contact and who share the same interests.

e. People who distribute, transport, receive or possess child pornography, and/or seek to engage in the online sexual exploitation of children, or who attempt to commit these crimes commonly create online profiles or user accounts using fake names and images of other individuals or images not attributable to their true selves. These individuals do this in an attempt to conceal their true identities from law enforcement and/or to entice minors for sexual purposes.

f. People who distribute, transport, receive or possess child pornography, and/or seek to engage in the online sexual exploitation of children, or who attempt to commit these crimes normally use multiple digital storage media devices, computers and external storage media in their possession to receive, possess and distribute child pornography and/or other material related to the sexual exploitation of children. Individuals who use applications on their smartphones or tablet computers to discuss the sexual exploitation of children or trade child pornography commonly also do so on their personal computers or laptops. Child pornography collectors, and smart-phone and tablet users in general, commonly "sync" their devices with their personal computers or use their personal computers or external storage media to store photos and videos from their smartphones or tablet computers. Thus, photos, videos and other files from an

Case 2:25-mj-00042-CRW    Document 3    Filed 03/20/25    Page 13 of 19    PageID #: 38

individual's smart-phone or tablet are also commonly found on their personal computers or laptops.

## CONCLUSION AND REQUEST FOR SEALING ORDER

23. This investigation is ongoing, and disclosure of the search warrant, this affidavit, or this application and the attachments thereto will jeopardize its progress. For example, if the subjects of this investigation were notified that this investigation exists, they might destroy evidence, warn co-conspirators, or flee. Accordingly, I respectfully request the Court issue an order that the search warrant, this affidavit in support of the application for a search warrant, the application for this search warrant, and all attachments thereto, along with the order itself, be filed under seal until further order of this Court.

24. Based on the foregoing, there is probable cause to believe that the federal criminal statutes cited herein have been violated, and that the contraband, property, evidence, fruits and instrumentalities of these offenses, more fully described in Attachment B, are located at the locations described in Attachment A. I respectfully request that this Court issue a search warrant for the locations described in Attachment A, authorizing the search and seizure of the items described in Attachment B.

Special Agent Peter Evans
Homeland Security Investigations

Subscribed and sworn to before me by telephone

This 26th day of March, 2025

Hon. Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

## DESCRIPTION OF THE PREMISES TO BE SEARCHED

The premises located at 2042 Highway 11 E, Jonesborough, TN 37659, the ("**SUBJECT PREMISES**"), further described as a single-story, tan in color, mobile home. The numbers 2042 are clearly visible on the mailbox at the beginning of the driveway leading to the residence. A photograph is produced below. If Layton Cavin lives at this residence full or part time, the search of the described premises shall be confined to the common areas of the home and Layton Cavin's bedroom. The search shall include vehicles registered to or owned by Layton Cavin, that are present when the search takes place. If Layton Cavin does not live at the residence full or part time, the subject premises shall not be subject to search, but if Layton Cavin is present at the residence his person and any devices found on his person may be searched.

 

Case 2:25-mj-00042-CRW    Document 3    Filed 03/20/25    Page 15 of 19    PageID #: 40

## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18 U.S.C. § 2252, as follows:

1.      Data and information contained in smartphones, tablet computers, computers, laptops, computer media, external data storage devices, and digital media players and all such equipment containing such data and information, including any computer systems, smartphones, tablet computers, digital storage media (such as CD-ROMs, DVD-ROMs, thumb drives, or external hard drives), analog storage media (such as film, tapes or cassettes), and related peripherals (such as printers, monitors, keyboards, mice, scanners, players, projectors, and modems), commercial software applications, disk application programs, hardware and software operating manuals, video game consoles, cellular phones capable of accessing the Internet or storing computer files, still or video cameras, digital or analog photographs, digital or analog videos, undeveloped photographic film, slides, iPhones, Samsung Galaxy Phones, and other smartphones, iPods and other digital media storage and playback devices, passwords, power cords, data security devices and related documentation, related to or used to:

   a.      Visually depict minors engaged in sexually explicit conduct;

   b.      Contain information pertaining to a sexual interest in children or in child pornography;

   c.      Distribute, receive, or possess child pornography; or

   d.      Communicate with or about minors engaged in sexually explicit conduct;

Page 2 of 5

2.      Books, magazines, or other printed matter containing visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256, or describing such conduct;

3.      Originals, copies, and negatives of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

4.      Video recordings of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

5.      Information, electronic records, or correspondence pertaining to the possession, receipt, or distribution of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256, including:

a.      Information regarding Internet sites or peer-to-peer networks and participants in such sites or networks;

b.      Envelopes, letters, and other correspondence including, but not limited to electronic mail, chat logs, and electronic messages, establishing possession, access to, or transmission through interstate or foreign commerce, of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; and

c.      Books, ledgers, and records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind involving visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

6.      Records showing occupancy or ownership of the **SUBJECT PREMISES**, as more fully described in Attachment A, attached and incorporated herein by reference, including, but not limited to, utility and telephone bills, mail envelopes, or addressed correspondence.

Case 2:25-mj-00042-CRW    Document 3    Filed 03/20/25    Page 17 of 19    PageID #: 42

7. Records or other items that indicate ownership or use of computer equipment found in the **SUBJECT PREMISES**, including, but not limited to, sales receipts, bills for Internet access, and handwritten notes pertaining to such equipment.

8. Records, electronic or otherwise, or other items that relate to peer-to-peer software or networks, or to use of such software or networks by individuals who exhibit a sexual interest in children.

9. For any computer or electronic storage media, to include smartphones or tablet computers, described herein (and referred to herein as the DEVICE):

a. Evidence of who used, owned, or controlled the DEVICE at the time the things described in this warrant were created, edited, stored, saved, downloaded, uploaded, or deleted, such as logs, registry entries, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, electronically-stored photographs, and correspondence;

b. Evidence of software that would allow others to control the DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. Evidence of the attachment to the DEVICE of other storage devices, disks, CD-ROMs, or similar containers for electronic evidence;

d. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the DEVICE;

e. Evidence of when and how the DEVICE was used;

g. Passwords, encryption keys, and other access devices that may be necessary to access the DEVICE;

Page 4 of 5

h. Contextual information necessary to understand the evidence described in this attachment; and

i. Any records, ledgers, correspondence or hand-written notes containing key-word search terms related to child pornography or references to websites related to child pornography.

j. Any records, ledgers, correspondence or hand-written notes containing key-word search terms related to child pornography.

Page 5 of 5